# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **KEAUNDRA REYNOLDS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | |
| **THE BIRMINGHAM JEFFERSON** ) | |
| **COUNTY TRANSIT AUTHORITY** ) | |
| ) | |
| **Defendant.** ) | **JURY DEMANDED** |

## COMPLAINT

**I.    NATURE OF THIS ACTION**

1. This is an action alleging disability discrimination and retaliation in violation of of the Americans with Disabilities Amendment Act 0f 2008 (ADA), 42 U.S.C. §§ 12101 et seq., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. (§ 504) and the Family Medical Leave Act codified at 29 U.S.C. §2612 ("FMLA") to redress the deprivation of Plaintiff's statutorily protected rights.

2. The Defendant has discriminated against the Plaintiff by denying her the opportunity to transfer to a position within her restrictions in violation the ADAAA of 2008 and § 504 of the Rehabilitation Act ( 29 U.S.C. §§ 791, 794, and 794a). The Defendant also retaliated against the Plaintiff for requesting a reasonable accommodation and for exercising her rights under the FMLA.

3. This action seeks equitable and declaratory relief, injunctive and equitable relief, nominal and compensatory damages at law and any other monetary and non-monetary remedies necessary to the make the Plaintiff whole.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction in accordance with 28 U.S.C. § 1331, 28 U.S.C. § 2201, 2202, 29 U.S.C. § 794a, and 42 U.S.C. § 12133. Venue is proper pursuant to 28 U.S.C. § 1391.

## III. CONDITIONS PRECEDENT TO SUIT

5. With regard to her ADAAA of 2008 claim, the Plaintiff is filing suit within 90-days of her receipt of a Dismissal and Notice of Right to Sue from the Equal Employment Opportunity Commission. Plaintiff's claim under Section 504 of the Rehabilitation Act and the FMLA do not require the exhaustion of administrative remedies.

## IV. PARTIES

6. Plaintiff, Keaundra Reynolds, is a citizen of the United States and a resident of the State of Alabama. The Plaintiff began her employment with the Defendant on or about June 29, 2015. The Plaintiff suffers from severe anxiety, depression, and insomnia. The Plaintiff is an individual with a disability in that she has a physical/mental impairment which substantially limits one or more of her major

life activities, here neurological and brain functions.  Plaintiff is also perceived as having a disability which substantially limits her ability to work and has a history of such a disability.

7. Defendant, Birmingham Jefferson County Transit Authority, is a recipient of federal funding and is an employer pursuant to the ADAAA of 2008, §504 of the Rehabilitation Act of 1973, and the FMLA.

## V. FACTUAL ALLEGATIONS

8. Plaintiff adopts and re-alleges paragraphs one through eight above, as though fully set forth herein.

9. The Plaintiff began working the Defendant on June 29, 2015 as a Para-Transit Customer Service Representative.

10. Since hiring on with the Defendant, the Plaintiff has received three promotions and up until April 2018 she was an Executive Administrative Assistant/Board Support Professional.

11. On or about April 5, 2018, the Plaintiff requested FMLA leave for severe anxiety, depression and insomnia.

12. The Plaintiff shared her diagnoses with the Defendant's Human Resources department and was approved for the leave.

13. The Defendant's handbook states, "Eligible employees who return from

FMLA leave will be reinstated to the same position they left, or one with substantially equivalent benefits, pay and other terms and conditions of employment to the extent required by the FMLA."

14. On July 16, 2018, the Plaintiff returned from FMLA leave to find that her position had been filled by another employee. That same day, she was placed on administrative leave without pay for no reason and then reinstated also with no explanation.

15. Upon information and belief, the Plaintiff was discriminated against and treated less advantageously because of her disabilities: depression, severe anxiety, and insomnia and in retaliation for exercising her rights under the FMLA.

16. On July 20, 2018, the Plaintiff forwarded to the Defendant a letter from her counsel requesting a reasonable accommodation, in the form of re-assignment to an open position that she qualified for.

17. On July 25, 2018, the Defendant assigned the Plaintiff to a work environment that aggravates her medical symptoms.

18. The ADAAA of 2008, requires employers to provide reasonable accommodation to qualified applicants and employees with a disability unless the employer can demonstrate that doing so creates an undue hardship to the employer or poses a direct threat to the safety of the employee or others in the workplace.

19. An accommodation may include a change to the work environment or to the way in which a job is usually performed.

20. The Plaintiff requested a change to her work environment and was rejected with the Defendant refusing to engage in the "interactive process" as required by law.

21. Upon information and belief, but for the Plaintiff asking for a reasonable accommodation, she would not have been assigned to such a less advantageous working conditions.

22. The Plaintiff has been retaliated against for opposing and reporting discrimination in employment.

## VI.  CAUSES OF ACTION

### A.  Discrimination and Retaliation pursuant to the ADAAA of 2008 and Section 504 Of the Rehabilitation Act of 1973

23. As stated, Plaintiff is a person with a disability, has a history of disability and is perceived as disabled pursuant to 42 U.S.C. § 12102, and 29 U.S.C. § 706.  Defendant is a public entity in accordance with 42 U.S.C. § 12131(1) and they receive federal financial assistance.

24. Despite Plaintiff's disability, with or without reasonable accommodation, she is able to perform the essential functions of her former position

as an Executive Administrative Assistant/Board Support Professional. Plaintiff meets the definition of a "qualified individual with a disability" pursuant to 29 U.S.C. § 794 and 42 U.S.C. § 12132.

25. Accommodating Reynolds by allowing her to return to her old job would not have caused substantial or grievous economic injury to the operations of the Defendants.

26. Defendant, by its discriminatory treatment of Plaintiff has intentionally, willfully, with deliberate indifference and without justification deprived Plaintiff of her federal statutory rights, as described herein.

27. This deprivation violates Plaintiff's rights under the Americans with Disabilities Amendment Act of 2008 and Section 504 of the Rehabilitation Act of 1973.

28. The Defendant also retaliated against the Plaintiff for requesting a reasonable accommodation.

**B.   Retaliation Pursuant to the FMLA**

29. The Defendant's reassignment of the Plaintiff because of her use of FMLA leave was retaliatory.

30. Defendant intentionally, maliciously and with reckless indifference

reassigned the Plaintiff's employment and did not restore her to the position she occupied prior to taking leave under the Family Medical Leave Act.

31. The Defendant violated the Family Medical Leave Act by failing to restore Plaintiff to the position she held prior to seeking leave, or to an equivalent position with equivalent employment benefits, pay and other terms and conditions of employment.

32. With respect to the FMLA claim, the Defendant's actions are retaliatory for the Plaintiff's prior request for leave.

33. As a result of the Defendant's actions, the Plaintiff has suffered and is continuing to suffer injury including emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

## VII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendants, including the action taken against Plaintiff by Defendants are violative of Plaintiff's rights as secured by the ADAAA of 2008, Section 504 of the Rehabilitation Act of 1973, and the FMLA;

2. Grant Plaintiff reinstatement and a permanent injunction enjoining the

Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant, and at the Defendant's request, from continuing to violate Plaintiff's rights as well as those of others who are similarly-situated pursuant to the ADAAA of 2008, Section 504 of the Rehabilitation Act of 1973, and the FMLA;

3. Issue an injunction ordering Defendants to reinstate the Plaintiff into the position which she occupied prior to her reassignment or into a similar position;

4. Enter an Order requiring Defendant to award Plaintiff damages including equitable and declaratory relief, injunctive relief, nominal, compensatory, and punitive damages at law and any other monetary and non-monetary remedies;

5. Award Plaintiff reasonable costs, attorney's fees and expenses; and,

6. Award such other relief and benefits as the cause of justice may require.

> Respectfully submitted,
> */s/Roderick T. Cooks*
> Roderick T. Cooks
> Attorney for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203
Tel:  (205)502-0970
Fax: (205)278-5876
email: rcooks@winstoncooks.com

**<u>DEFENDANT'S ADDRESS</u>:**
The Birmingham Jefferson County Transit Authority
1701 Morris Avenue
Birmingham AL 35203